IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | | |
|---|---|---|
| Andrew Resh, | ) | Civil Action No.: 4:08CV |
| | ) | |
| Plaintiff, | ) | **COMPLAINT** |
| | ) | (Products Liability) |
| vs. | ) | (Breach of Implied Warranty) |
| | ) | |
| Bass Pro Outdoor World, LLC and | ) | Jury Trial Requested |
| StrongBuilt, Inc., | ) | |
| | ) | |
| Defendants. | ) | |

The Plaintiff, complaining of the Defendants herein, would respectfully show this Honorable Court:

### Nature of the Action

1. This is a products liability action claiming damages for bodily injury, pain and suffering, medical expenses, and lost wages, as well as punitive damages. This action also includes claims for breach of warranty and general negligence.

2. The claims asserted herein arise out of the design, selection, inspection, testing, manufacture, assembly, equipping, marketing, distribution, and sale of a defective, and unreasonably dangerous climbing tree stand, as well as general negligence.

### Parties, Jurisdiction and Venue

3. The Plaintiff is a citizen and resident of the County of Georgetown, State of South Carolina, and at all times hereinafter mentioned, is bringing this action individually.

4. The Defendant, Bass Pro Outdoor World, LLC ("Bass Pro") is a corporation organized and existing under the laws of some state other than the State of South Carolina but carries on

substantial business within and throughout the State of South Carolina, as well as operating and maintaining one store in South Carolina, where Plaintiff purchased the Comanche StrongBuilt Seat Climbing Tree Stand that is at issue in this case.

5.      The Defendant StrongBuilt, Inc. ("StrongBuilt"), is a corporation organized and existing under the laws of some state other than the State of South Carolina but carries on substantial business within and throughout the State of South Carolina. At all times complained of herein, StrongBuilt was the manufacturer, designer, distributor and/or seller of the Comanche StrongBuilt Seat Climbing Tree Stand and its component parts which StrongBuilt manufactured and/or installed in the Comanche StrongBuilt Seat Climbing Tree Stand, and which the Plaintiff purchased to use for deer hunting from Defendant Bass Pro Outdoor World, LLC.

## The Product

6.      The product involved in this action is a Comanche StrongBuilt Seat Climbing Tree Stand (hereafter referred to as the "Comanche Tree Stand").

## The Incident

7.      The incident forming the basis for this suit occurred on or about September 1, 2007, when Plaintiff after ascending approximately 16' up a tree at a hunting location fell backwards to the ground below when the top cable of the Comanche Climbing Tree Stand severed thereby causing Plaintiff to suffer the injuries and damages set forth herein (the "incident").

## The Product Defects

8.      Defendant StrongBuilt had a legal duty to design, select, inspect, test, manufacture, assemble, equip, market, distribute, and sell the Comanche Climbing Tree Stand and its components

so that it would provide a reasonable degree of protection and safety during foreseeable real world environment of its expected use.

9. Defendant StrongBuilt designed, selected, manufactured, assembled, equipped, marketed, distributed, and sold the Comanche Climbing Tree Stand, and its components, including but not limited to, equipping it with its cables used to go around the tree for the hunter to ascend and descend up trees up to 18' in diameter.

10. Defendant StrongBuilt designed, selected, inspected, tested, manufactured, assembled, equipped, marketed, distributed, and sold the cables and other component which were installed in the Comanche Climbing Tree Stand.

11. Defendant, Bass Pro, marketed, distributed and sold the Comanche Climbing Tree Stand in its store to the public for use in the foreseeable real world environment of its expected use.

12. Defendants, through both express and implied warranties, represented that the Comanche Climbing Tree Stand and its cables and component sub-assemblies were merchantable and fit for the use intended, and that these systems would operate properly to contain and protect users safely in foreseeable Comanche Climbing Tree Stand expected use.

13. Defendants as designed, selected, inspected, tested, manufactured, assembled, equipped, marketed, distributed, and sold the Comanche Climbing Tree Stand is defective, unreasonably dangerous, and unsafe for foreseeable users because its cables and component sub-assemblies are inadequately designed and constructed, and fail to provide the degree of user protection, and safety a reasonable consumer would expect in foreseeable accidents occurring in the real world environment of its expected use.

14. Among other things, the Comanche Climbing Tree Stand, is defective, unreasonably dangerous, and unsafe for foreseeable users in each of the following particulars:

(a) there is an unreasonable likelihood that the cable will malfunction and sever and cause the user to fall during foreseeable use occurring in the real world;

(b) there is an unreasonable likelihood that the cable which was not properly manufactured and/or are inadequate for the Comanche Climbing Tree Stand's overall design will cause or contribute to the failure of cable by severing causing the user to fall during reasonable use occurring in the real world;

(c) the Comanche Climbing Tree Stand's overall body structure and assembly and its supporting members are inadequately designed and constructed and fail to provide a reasonable degree of user safety because the cable on the Comanche Climbing Tree Stand is unreasonably susceptible to failure by severing and allowing users to be injured and/or falling from the tree stand, thereby subjecting the users to injuries;

(d) there is an unreasonable likelihood of users falling as a result of the Comanche Climbing Tree Stand sub-standard cable design and/or manufacture;

15. Each of these defects subjects the users to unreasonable risk of otherwise avoidable injury.

16. Defendants Bass Pro and StrongBuilt sold the Comanche Climbing Tree Stand as a new product. The Comanche Climbing Tree Stand left Defendants' control in the same condition as they were at the time and place of the incident, with the exception of ordinary wear and tear.

17. Defendants Bass Pro and StrongBuilt had a legal duty to warn the public and the Plaintiff of these defects in the Comanche Climbing Tree Stand and the component parts with which it was equipped.

18.  Defendants Bass Pro and StrongBuilt breached this duty by failing to warn the Plaintiff or the public of these safety related defects in the Comanche Climbing Tree Stand and its component parts and representing its tree stand to be safe.

19.  After placing the Comanche Climbing Tree Stand into the stream of commerce and selling the defective tree stands to the public neither Bass Pro or StrongBuilt has resolved these defects or warned the consuming public.

20.  Defendants StrongBuilt willfully, wantonly, recklessly, grossly negligent and/or negligently designed, selected, inspected, tested, manufactured, assembled, equipped, marketed, distributed, and sold the Comanche Climbing Tree Stand in a defective, and unsafe condition, unreasonably dangerous to users during foreseeable use occurring in the real world environment of its expected use.

## The Product Failure

21.  At the time and place of the incident the Comanche Climbing Tree Stand, including its cable and component sub-assemblies, were in the same condition as when it left Bass Pro's and StrongBuilt's control, with the exception of ordinary wear and tear.

22.  During the incident Mr. Resh was properly operating the Comanche Climbing Tree Stand and after ascending approximately 16' up a tree the cable severed and became detached from the tree.

23.  During the incident the Comanche Climbing Tree Stand did not operate as intended and warranted, failed to provide Mr. Resh with such reasonable degree of user protection and safety as a reasonable consumer would expect, and subjected him to serious injuries, which he would not have sustained if the Comanche Climbing Tree Stand's cable had not been defective, and had provided him with a reasonable degree of user protection and safety.

24. The Comanche Climbing Tree Stand's cable malfunctioned and caused Mr. Resh to call to the ground below.

25. The Comanche Climbing Tree Stand's cable was inadequate for the tree stand's overall body design which caused or contributed to failure resulting in the incident.

### Aggravating Circumstances

26. In designing, selecting, manufacturing, assembling, equipping, and marketing the Comanche Climbing Tree Stand with the selected cable the wrongful acts and omissions of Defendant StrongBuilt were done willfully, wantonly, fraudulently, maliciously, oppressively and with conscious indifference to consequences and the rights and safety of others so that punitive damages should be imposed in an amount sufficient to keep such wrongful conduct from being repeated.

### Conditions Precedent

27. All conditions precedent to the bringing of this action and Plaintiff's' right to the relief sought herein have occurred, have been performed or have been excused.

28. This action has been timely commenced within any applicable period of limitation and repose.

### Damages

29. The injuries and damages sustained by the Plaintiff would have been reduced or eliminated by the use of a safer available alternative design.

30. As a direct and proximate result of the Defendants' negligence and reckless conduct, Plaintiff and his life expectancy greatly shortened and as a result has suffered ACTUAL AND CONSEQUENTIAL DAMAGES as follows:

    (a) pre-trial medical expenses;

  (b) post-trial and future medical expenses;

  (c) pre-trial lost wages;

  (d) post-trial lost wages;

  (e) pre-trial mental pain and suffering, mental anguish and shock; and

  (f) post-trial mental pain and suffering, mental anguish and shock.

31. In so designing, inspecting, testing, manufacturing, assembling, marketing and distributing the Comanche Climbing Tree Stand, the Defendants acted willfully, wantonly, fraudulently, maliciously, oppressively, and with conscious indifference to consequences and the rights and safety of others so that punitive damages should be imposed in an amount sufficient to keep such wrongful conduct from being repeated.

## **FOR A FIRST CAUSE OF ACTION**
### (Negligence)

32. The foregoing factual allegations are made a part of this First Cause of Action through incorporation by reference.

33. The above set forth accident and Plaintiff's resulting injuries and damages were proximately caused by the negligent, grossly negligent, reckless, willful and wanton acts of the defendants, and each of them, combining and concurring with each other.

WHEREFORE, Plaintiff prays judgement against the Defendants for ACTUAL, CONSEQUENTIAL AND PUNITIVE DAMAGES, together with costs of this action, and for such other and further relief as this Court may deem fit, just, and proper.

## FOR A SECOND CAUSE OF ACTION
### (Strict Liability In Tort)

34.	The foregoing factual allegations and the allegations of the First Cause of Action are made a part of this Second Cause of Action through incorporation by reference.

35.	By reason of the foregoing, the Defendants are strictly liable for injuries and damages caused by these defects in the Comanche Climbing Tree Stand.

WHEREFORE, Plaintiff prays judgement against the Defendants for ACTUAL, CONSEQUENTIAL AND PUNITIVE DAMAGES, together with costs of this action, and for such other and further relief as this Court may deem fit, just, and proper.

## FOR A THIRD CAUSE OF ACTION
### (Breach Of Implied Warranty)

36.	The foregoing factual allegations and the allegations of the First Cause of Action are made a part of this Third Cause of Action through incorporation by reference.

37.	By reason of the foregoing, the Defendants are liable in damages for breach of their implied warranties of merchantability and of fitness for a particular purpose made to the Plaintiff when he operated the Comanche Climbing Tree Stand.

WHEREFORE, Plaintiff prays judgement against the Defendants for ACTUAL, CONSEQUENTIAL AND PUNITIVE DAMAGES, together with costs of this action, and for such other and further relief as this Court may deem fit, just, and proper.

## FOR A FOURTH CAUSE OF ACTION
### (Negligent Design And Manufacture)

38.	The foregoing factual allegations and the allegations of the First Cause of Action are made a part of this Fourth Cause of Action through incorporation by reference.

39.     By reason of the foregoing the Defendants are liable to the Plaintiff for his injuries and damages caused by Defendants willful, wanton, reckless or negligent misconduct.

WHEREFORE, Plaintiff prays judgement against the Defendants for ACTUAL, CONSEQUENTIAL AND PUNITIVE DAMAGES, together with costs of this action, and for such other and further relief as this Court may deem fit, just, and proper.

LAW OFFICE OF TONI T. PENNINGTON, LLC

/s/ Toni T. Pennington
Toni T. Pennington
9185 Ocean Highway
P.O. Box 899
Pawleys Island, SC 29585
TEL 843/237-1967
FAX 843/237-3939
Dist. Ct. # 5881

Pawleys Island, South Carolina
February 12, 2008