UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | |
|---|---|
| ANDREW RESH, | Civil Action No.: 4:08-cv-0501-TLW-TER |
| Plaintiff, | |
| | **REPORT AND RECOMMENDATION** |
| -vs- | |
| AMERISTEP, INC. and PRIMAL VANTAGE COMPANY, INC., | |
| Defendants. | |

Presently before the Court is Motion to Reopen for Clarification and Settlement (Document # 47) filed by Toni T. Pennington, Attorney of record for Plaintiff. This action was dismissed by Order (Document # 43) dated November 10, 2009, upon advice of counsel that the case had settled. The dismissal was without prejudice. The Order provided that the dismissal would be with prejudice if no action was taken to reopen the case within sixty days of the date of the Order. The present Motion was filed December 11, 2009.

In the Motion, Pennington asserts that the case was settled at mediation on October 23, 2009, and that prior to Plaintiff signing the settlement agreement, his attorney's fees and costs of litigation were fully disclosed. Subsequently, Pennington sent to Plaintiff the releases prepared by Defendants and a Settlement Sheet containing an itemized list of all litigation charges and attorney's fees. Pennington received a letter from another attorney on Plaintiff's behalf indicating that he had advised Plaintiff not to agree to the Settlement Sheet prepared by Pennington. Along with the letter was the release, which was signed by Plaintiff, but not witnessed. Pennington asks this Court to reopen the case and enter an Order authorizing her to release funds currently in her trust account to pay all costs of litigation and herself.

Defendants filed a Response (Document # 49), concurring with Pennington's request to reopen the case and asking the Court to compel Plaintiff to execute all necessary settlement documents. Soon after, Defendants filed a copy of the signed and witnessed General Receipt and Release Agreement (Document # 51). Defendants later filed a second Response (Document # 53) to the Motion to Reopen indicating that, because Plaintiff had executed the General Receipt and Release Agreement, the only issue before the Court was the fee dispute between Pennington and Plaintiff.

On December 22, 2009, an Order (Document # 50) was entered directing Plaintiff to file a Response to Pennington's Motion. Plaintiff, appearing pro se, filed his Response (Document # 52) on January 8, 2010. Plaintiff argues that the only issue before the Court is the dispute over fees and costs and, thus, the matter should be handled by Resolution of Fee Disputes Board of the South Carolina Bar under Rule 416, South Carolina Appellate Court Rules.[1] Plaintiff also addresses the

---

[1] Rule 416.2, SCACR, provides,

The purpose of the Board is to establish procedures whereby a dispute concerning fees, costs or disbursements between a client and an attorney who is a member of the South Carolina Bar (the Bar) may be resolved expeditiously, fairly and professionally, thereby furthering the administration of justice, encouraging the highest standards of ethical and professional conduct, assisting in upholding the integrity and honor of the legal profession, and applying the knowledge, experience and ability of the legal profession to the promotion of the public good. As used in these Rules, "fee" is deemed to include a legal fee, costs of litigation and disbursements associated with a legal cause, claim or matter and "client" is defined as a person on whose behalf professional legal services have been rendered by an attorney who is a member of the South Carolina Bar.

Under no circumstances will the Board participate in: (1) a fee dispute involving an amount in dispute of $50,000 or more; or (2) disputes over which, in the first instance, a court, commission, judge, or other tribunal has jurisdiction to fix the fee. When an allegation of attorney misconduct arises out of a fee dispute other than as to the reasonableness of the fee, the Board, in its discretion, may refer the matter to the Commission on Lawyer Conduct. If the alleged misconduct does not arise out of

merits of Pennington's Motion in the event this court moves forward with the issue.

Because Plaintiff has provided Defendants with the requested settlement documents, the only issue now before the Court is the fee dispute between Plaintiff and Pennington. Pennington is not a party to this action. However, even if she was a party to this action, the claim she raises against Plaintiff is a state law claim.

It is recommended that the district judge decline to exercise supplemental jurisdiction over Pennington's state law claim because the claims over which this court had original jurisdiction are no longer before this court. See 28 U.S.C. § 1367(c)(3) ("The district courts may decline to exercise supplemental jurisdiction over a claim if ... the district court has dismissed all claims over which it has original jurisdiction."); see also Shanaghan v. Cahill, 58 F.3d 106, 110 (4th Cir.1995) ("There are no situations wherein a federal court must retain jurisdiction over a state law claim, which would not by itself support jurisdiction.").

Accordingly, for the reasons set forth above, it is recommended that Pennington's Motion to Reopen for Clarification and Settlement (Document # 47) be denied. It is further recommended that the dismissal of this case be deemed to be with prejudice.

 s/Thomas E. Rogers, III
Thomas E. Rogers, III
United States Magistrate Judge

August 18, 2010
Florence, South Carolina

**The parties are directed to the important notice on the following page.**

---

a fee dispute, it shall be referred to the Commission on Lawyer Conduct.
No fee dispute may be filed with the Board more than three (3) years after the dispute arose.
Jurisdictional issues shall be determined by the circuit chair.

Rule 416.2, SCACR.